FILED
United States Court of Appeals
Tenth Circuit

**January 12, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

CHARLES ANTHONY GROSS,

    Petitioner - Appellant,

v.

JEFF LONG, Warden, Sterling
Correctional Facility; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 25-1169
(D.C. No. 1:24-CV-03206-LTB-RTG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.
_____

Charles Gross, proceeding pro se,[1] seeks a certificate of appealability (COA) to

appeal from the district court's denial of his 28 U.S.C. § 2254 application.  *See* 28 U.S.C.

§ 2253(c)(1)(A).  We deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Gross appears pro se, we liberally construe his filings.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  But we do not make arguments for pro se litigants or otherwise advocate on their behalf.  *Id.*

## I. Background

Defendant Gross was convicted by a Colorado jury of murder and attempted murder and sentenced to life in prison. The Colorado Court of Appeals affirmed his conviction on March 28, 2013. He did not seek review from the Colorado Supreme Court. On June 14, 2014, he sought postconviction relief in state court by filing a motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. That motion was unsuccessful, as was a second such motion filed in October 2022.

In November 2024, Gross filed a § 2254 application asserting ten claims for relief. The district court dismissed the application as untimely because it was not filed within the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). It denied further appeal. Gross now seeks a COA from this court.

## II. Discussion

In order to obtain a COA following dismissal by the district court of an application on procedural grounds, Gross must show both "that jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural issue. *See id.* at 485.

The applicable one-year statute of limitations runs from the date on which the judgment became final by conclusion of direct review or expiration of the time for seeking such review. § 2244(d)(1)(A). The Colorado Court of Appeals affirmed the

2

Gross conviction on March 28, 2013, and he did not file a petition for certiorari with the Colorado Supreme Court. Because such a petition must have been filed within 42 days following issuance of the Colorado Court of Appeals opinion, *see* Colo. App. R. 52(b)(1), the district court concluded that the expiration of the time for Gross to seek review was May 9, 2013—42 days after the Colorado Court of Appeals affirmed the conviction. The one-year limitations period therefore began to run on that date.

It is correct that the filing of a postconviction motion may toll the limitations period. *See* § 2244(d)(2). But "[o]nly state petitions for post-conviction relief filed *within* the one year allowed . . . will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (emphasis added). Gross filed a motion for postconviction relief on June 14, 2014, more than a month *after* the one-year limitations period had already expired. The district court therefore concluded that his postconviction motion did not toll the statute of limitations, and accordingly held the § 2254 application was time-barred because Gross filed it more than ten years after the one-year limitation period had expired and presented no valid basis for § 2244(d)(2) tolling.

Gross argues that his postconviction motion *did* toll the deadline. His argument is based on the assertion that he had 90 days to file a petition for certiorari with the United States Supreme Court, not 42 days as the district court assumed, and therefore his postconviction motion was filed within the one-year limitations period. This is incorrect. The Supreme Court has held that when a petitioner does not seek direct review in the State's highest court, the "judgment [becomes] final when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*,

3

565 U.S. 134, 150 (2012).  As the district court correctly noted, in Colorado an appellant has 42 days in which to file a petition for certiorari with the Colorado Supreme Court.  *See* Colo. App. R. 52(b).  The deadline for seeking review on direct appeal expired 42 days, not 90 days, after the Colorado Court of Appeals issued its opinion.

In summary, no reasonable jurist would conclude it debatable whether the district court erred in its procedural ruling that the Gross § 2254 application was untimely.

## III.  Conclusion

We deny the request for a COA and dismiss this matter.  We grant the motion for leave to proceed without prepayment of fees and costs.

Entered for the Court

Carlos F. Lucero
Senior Circuit Judge